Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gayle Wells, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.   This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Gayle Wells ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Yavapai, and City of Prescott.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Portfolio Recovery Associates, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt once owed or due, or once asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, once owed or due, or once asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debts in default, Defendant Portfolio Recovery Associates, LLC, began placing calls to Plaintiff's residence on or about September 15, 2011.

12. In response to Defendant's calls, Plaintiff sent Defendant written correspondence dated November 14, 2011, and in such correspondence, stated in relevant part:

> This letter comes in response to your repeated attempts to contact me regarding an alleged debt.
>
> I demand that you cease and desist from any further attempt to contact me.

(*See* 11-14-11 Letter, attached hereto as Exhibit A).

13. Upon information and good-faith belief, Defendant received Plaintiff's November 14, 2011 correspondence on or about November 21, 2011.

14. Despite its receipt of Plaintiff's demand to cease and desist from placing any and all telephone calls to Plaintiff, Defendant placed a telephone call to Plaintiff's residence in effort to collect Plaintiff's alleged debt, including, but not limited to on June 14, 2012 at 9:30 A.M.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**

15. Plaintiff repeats and re-alleges each and every allegation contained above.

16. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including by contacting Plaintiff be telephone when Defendant has knowledge that Plaintiff did not wish to be called.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all further communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of August, 2012

> By: s/Joseph Panvini
> Joseph Panvini (028359)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> jpanvini@AttorneysForConsumers.com
> Attorney for Plaintiff